IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-1523 (HEA) |
| URSHAN UNIVERSITY, INC., | ) ) ) |
| Defendant. | ) ) ) |

## **MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Trustees of Boston College ("Boston College"), through undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction pending resolution of the above-captioned matter. As grounds for its motion, Boston College respectfully states:

1. This case involves a dispute over thirteen stained glass windows ("Windows") located in the chapel ("Chapel") of the former St. Stanislaus Seminary in Florissant, Missouri (the "Property").

2. The Windows are the subject of a duly executed agreement between the Parties concerning a mutual exchange of consideration: Defendant Urshan University, Inc. ("Urshan") would provide the Windows to Boston College in exchange for a donation of $27,000. (*See* ECF No. 1-1, "Agreement".)

3. However, Urshan has repudiated the Agreement and refused to permit Boston College access to the Property to obtain the Windows.

4. To obtain a preliminary injunction, a plaintiff must show (1) a likelihood of success on the merits; (2) a threat of irreparable harm if injunctive relief is not granted; (3) that the balance

of harms favors granting an injunction, and (4) that an injunction would serve the public interest. *See MPAY, Inc. v. Erie Custom Comput. Apps., Inc.*, 970 F.3d 1010, 1015 (8th Cir. 2020).

5. As explained in the accompanying Memorandum and Exhibits, which are incorporated herein by reference, Boston College easily satisfies each factor, and a preliminary injunction is appropriate.

6. As to the likelihood of success on the Merits, the Agreement is an enforceable contract between Boston College and Urshan. Its terms reflect mutual, reciprocal obligations to one another, so the Agreement is supported by consideration. But even if it were not, the Agreement would be enforceable because Boston College spent thousands of dollars in foreseeable reliance on the Agreement prior to Urshan's attempted rescission.

7. Urshan's purported rescission and subsequent denial of Boston College's entry onto the Property to take the Windows constitutes a breach of contract through repudiation. *Pro. Funding Co. v. Bufogle*, 655 S.W.3d 243, 248 (Mo. Ct. App. 2022). Because the Windows are unique, historic works of art, Boston College is entitled to specific performance of the Agreement. *See Sedmak v. Charlie's Chevrolet, Inc.*, 622 S.W.2d 694 (Mo. Ct. App. 1981)

8. As to the likelihood of irreparable harm, Boston College has established through affidavit and supporting documents that the Windows are in grave, imminent danger of harm due to weather damage and to vandalism.

9. The balance of harms weighs heavily in Boston College's favor: while the injunction requested herein will protect Boston College's expectancy during the course of litigation, it will not cause any harm to Urshan, as the Windows will be safely secured and Boston College will keep its end of the bargain to address damage to the Chapel directly attributable to the Windows' removal.

10. Finally, the public interest favors a preliminary injunction, for two reasons. First, the public has a distinct interest in the stability and enforceability of contractual relations. *Cigna Corp. v. Bricker*, 103 F.4th 1336, 1348 (8th Cir. 2024). Second, a preliminary injunction will advance the public interest by keeping the Windows from being destroyed while the case is pending.

WHEREFORE Boston College respectfully requests that the Court enter an injunction directing the following relief:

a. Urshan shall immediately allow Emil Frei & Associates ("Frei") and representatives from Boston College to enter the Property, access the Chapel, and assess the condition of the Windows. Frei shall be permitted to remove the Windows from the Property and Chapel. To the extent Frei and Boston College need to access the Property and Chapel multiple times to accomplish the removal of the Windows, Urshan shall permit and accommodate such access.

b. The Windows shall be stored at a climate-controlled location selected by Frei.

c. Consistent with the terms of the Agreement, Boston College shall be responsible for the costs of the Windows' initial removal, including the cost of covering the openings left by the Windows' removal and the cost of addressing any structural damage to the Chapel attributable to the removal of the Windows.

d. Within seven (7) days of the entry of an Order granting Boston College's Motion for Preliminary Injunction, Urshan shall obtain a bond in Boston College's favor in the amount of $73,000, reflecting Frei's estimate to Boston College for (1) removal of the Windows; (2) Labeling of the Windows; (3) Crating of the Windows; and (4) Storage of the Windows in a climate-controlled facility for a period of twelve months.

3

e. Boston College shall bear the cost of removing and storing the Windows during the pendency of the Action.

f. In the event that Urshan is the prevailing party in this action, the total bonded amount shall be paid promptly to Boston College, and Urshan shall retain title to and possession of the Windows;

g. In the event that Boston College is the prevailing party in this action, Boston College shall take immediate title to and possession of the Windows and shall reimburse Urshan for the premium for the bond. Boston College shall also, within seven (7) days of a final judgment in its favor, cause Urshan to be paid $27,000, less (i) the cost of the bond premium and (ii) any damages which Boston College is entitled to recover.

Boston College further requests that the Court enter any such other and further relief as the Court may deem just and proper.

December 17, 2024                                       Respectfully submitted,

**LEWIS RICE LLC**

By:   */s/ Winthrop B. Reed, III*
      Winthrop B. Reed, III #42840
      Kolten C. Ellis, #74451
      600 Washington Avenue, Suite 2500
      St. Louis, MO 63101
      314-444-7600 (Telephone)
      314-612-7600 (Facsimile)
      wreed@lewisrice.com
      kellis@lewisrice.com

      *Attorney for Plaintiff Trustees of Boston College*

4