UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: 4:24-cv-1523 HEA |
| vs. ) | |
| ) | |
| URSHAN UNIVERSITY, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Urshan University, Inc. ("Urshan"), by and through its undersigned attorney, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Urshan admits that Plaintiff purports to state a claim against Urshan but denies that Plaintiff has stated any claims upon which relief can be granted and denies further that there is an enforceable Agreement between the parties. Urshan denies each and every other averment contained in Paragraph 1 not specifically admitted herein.

2. Urshan admits that the windows are unique to the subject Property. Urshan denies each and every other averment contained in Paragraph 2 not specifically admitted herein.

3. Urshan admits that it owned the Property and the windows which are fixtures thereon since around 1971. Urshan denies each and every other averment contained in Paragraph 3 not specifically admitted herein.

4. The averments in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Urhan denies the averments contained in

Paragraph 4. Further answering, Urshan states that the alleged Agreement is the best evidence of the alleged terms thereof.

5. Urshan admits that it revoked the gift, as it is allowed to do. Urshan denies each and every other averment contained in Paragraph 5 not specifically admitted herein.

6. Urshan admits that Plaintiff purports to seek certain remedies herein. Urshan denies that Plaintiff is entitled to any such remedies. Urshan denies each and every other averment contained in Paragraph 6 not specifically admitted herein.

7. Upon information and belief, Urshan admits the averment that Boston College is a Jesuit institution of higher education and a Massachusetts non-profit corporation. Urshan denies each and every other averment contained in Paragraph 7 not specifically admitted herein.

8. Admitted.

9. Admitted.

10. Urshan denies that Plaintiff has any lawful basis for asserting any claim against it, and further denies that the amount in controversy exceeds the alleged Agreement's "donation" price of $27,000.00; therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim herein.

11. Urshan denies that Plaintiff has any lawful basis for asserting any claim against it but does not dispute venue in this Court.

12. Admitted.

13. Admitted.

14. Admitted.

15. Upon information and belief, Urshan admits the averments contained in Paragraph 15.

16. Upon information and belief, Urshan admits the averments contained in Paragraph 16.

17. Urshan is without knowledge or information sufficient to form a belief as to the averments contained in Paragraph 17 and, therefore, denies same.

18. Admitted.

19. Upon information and belief, Urshan admits the averments contained in Paragraph 19 that the Chapel is not listed on the National Historic Register; however, other portions of the Property are so listed and a tunnel that connects the properties forming a historic property and/or community. Urshan denies each and every remaining averment contained in Paragraph 19 not specifically admitted herein.

20. Admitted.

21. Admitted.

22. Denied.

23. Upon information and belief, Urshan admits the averments contained in Paragraph 23.

24. Urshan is without knowledge or information sufficient to form a belief as to the averments contained in Paragraph 24 and, therefore, denies same.

25. Urshan admits that in the fall of 2023, Plaintiff and Urshan entered into certain discussions. Urshan denies each and every remaining averment contained in Paragraph 25 not specifically admitted herein.

26. Admitted that the parties had discussions. Urshan denies each and every remaining averment contained in Paragraph 26 not specifically admitted herein.

27. Paragraph 27 contains legal conclusions to which no answer is required in that the document is the best evidence of the terms set forth therein. To the extent an answer is required, Urshan denies the averments contained in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no answer is required in that the document is the best evidence of the terms set forth therein. To the extent an answer is required, Urshan denies the averments contained in Paragraph 28.

29. Paragraph 29 contains legal conclusions to which no answer is required in that the document is the best evidence of the terms set forth therein. To the extent an answer is required, Urshan denies the averments contained in Paragraph 29.

30. Admitted that the Windows have value to the subject Property. Urshan denies each and every remaining averment contained in Paragraph 30 not specifically admitted herein.

31. Paragraph 31 contains legal conclusions to which no answer is required in that the document is the best evidence of the terms set forth therein. To the extent an answer is required, Urshan denies the averments contained in Paragraph 31.

32. Denied.

33. Denied.

34. Upon information and belief, Urshan admits the averments contained in Paragraph 34.

35. Admitted that Urshan revoked the alleged gift of the Windows. Urshan denies each and every remaining averment contained in Paragraph 35 not admitted herein.

36. Denied.

37. Denied.

38. Urshan is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 38 and, therefore, denies same.

39. Admitted.

## COUNT I (Breach of Contract)

40. Urshan restates and incorporates herein by reference its responses to the averments contained in Paragraphs 1 through 39 as if fully rewritten herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Urshan admits that it refused to "perform" an alleged Agreement for a gift which has been properly revoked.

47. Denied.

48. Denied.

WHEREFORE, Defendant Urshan University, Inc. prays that the Complaint be dismissed in its entirety with prejudice, that it be awarded its attorneys' fees and costs herein, and for such other relief as is appropriate and just.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Urshan denies any averments contained in Plaintiff's Complaint which are not specifically admitted herein.

2. The Complaint and the purported cause of action therein, fail to state claims upon which relief can be granted.

3. The Court lacks subject matter jurisdiction under 28 U.S.C. Section 1332 in that the alleged Agreement recites a value of $27,000 as an exchange for the subject windows.

4. The alleged Agreement was for a gift and such alleged gift of the Windows had been revoked by Urshan.

5. Plaintiff was aware of a previous purported "gift" of the windows in exchange for a donation and participated in and/or caused the revocation of the "gift" in similar circumstances as in the within case and, is therefore estopped from asserting that a "gift" could not be revoked.

6. The removal of the windows would greatly diminish and/or destroy the value of the subject Property which results in damages to Urshan which far exceeds the alleged value of the Windows, which are "fixtures."

7. The alleged Agreement is unenforceable because it is vague and omits important terms concerning the protection of the subject Property, payment therefor, payment and damages for possible code violations caused or which could be caused as a result of a permit for demolition from the City of Hazelwood.

8. Plaintiff's claim and each purported cause of action therein are barred because of Plaintiff's own misconduct in the underlying transaction including misleading Urshan on the value of the Windows and Plaintiff causing or contributing to cause the cancellation of a previous "gift" of the windows.

9. The Complaint fails to include real parties in interest including, without limitation, the lender for the subject Property who holds a deed of trust on the subject Property.

10. The alleged Agreement fails for lack of consideration.

11. The alleged Agreement was terminated and the so-called "gift" was properly revoked/terminated before delivery of the "gift" to Plaintiff.

6

12. The alleged Agreement fails for legal impossibility and commercial unreasonableness and/or commercial frustration.

WHEREFORE, Defendant Urshan University, Inc. having fully answered Plaintiff's Complaint, prays that the Complaint be dismissed in its entirety with prejudice, that it be awarded its attorneys' fees and costs herein, and for such other relief as is appropriate and just.

    Respectfully submitted,

    **ROSENBLUM GOLDENHERSH, P.C.**

BY:   /s/ Jeffrey B. Hunt
      Jeffrey B. Hunt, #33349MO
      7733 Forsyth, 4th Floor
      Clayton, MO   63105-1812
      (314) 726-6868
      (314) 726-6786 Facsimile
      jhunt@rgsz.com

*Attorneys for Defendant Urshan University, Inc.*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following on this 30th day of December, 2024 via operation of the Court's electronic filing system:

Winthrop B. Reed, III
Kolton C. Ellis
Lewis Rice LLC
600 Washington Ave., Ste. 2500
St. Louis, MO 63101


              /s/ Jeffrey B. Hunt