## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-1523 |
| | ) | |
| URSHAN UNIVERSITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to Fed. R. Civ. P. 16 & 26(f), and this Court's Order, ECF No. 17, the parties jointly submit the following Joint Proposed Scheduling Plan:

(a)     The Parties stipulate that Track 1 is more appropriate in this case rather than the assigned standard Track 2 due to the nature of specific relief sought and the external factors impacting the at-issue property.

(b)     The Parties propose the deadline for seeking leave to join additional parties or amend pleadings shall be March 21, 2025.

(c)     The Parties propose the following discovery plan:

       (i)     The Parties do not believe this case will require extensive or significant discovery of electronically stored information. If those circumstances change, the Parties will confer and agree upon an appropriate ESI production protocol. At this time, the Parties propose that documents be produced initially in PDF or hard copy format. However, if questions arise as to the genuineness, authenticity, completeness, modification or disposal of any particular document(s) or category thereof, then the

|      | |
|------|--|
|      | receiving party may request and receive copies of these particular documents or category in native ESI format with intact metadata |
| (ii) | In order to facilitate discovery in this matter, the Parties agree that any assertion by either Party of a claim of privilege as the reason for withholding documents shall be accompanied by a privilege log detailing the reason for such claim of privilege. Any privilege log shall contain enough detail so that the receiving Party will be able to ascertain the general subject of the privileged document or communication and the basis for the asserted privilege. Notwithstanding anything to the contrary, the receiving party shall have the right to challenge the assertion of privilege with respect to any such documents. The Parties agree, however, that it is not necessary that either Party be required to include communication from counsel for either Party directly to the respective Party on any date following the commencement of this litigation in said privilege log.<br><br>Further, the Parties believe a protective order is necessary to protect confidential information. The Parties will submit a joint proposed protective order to the Court. |
| (iii) | The Parties propose that they disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1) by February 21, 2025. |
| (iv) | At this time, the Parties do not believe it helpful for discovery to be conducted in phases or limited to certain issues. |
| (v) | The Parties propose that the deadline for expert witness disclosures and reports shall be May 12, 2024, and the deadline to depose any expert witnesses shall be June 16, 2025. |

(vi) The Parties agree at this time that the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply to this case.

(vii) The Parties do not believe that physical or mental examinations will be requested pursuant to Fed. R. Civ. P. 35.

(viii) The Parties propose that the discovery completion deadline shall be June 16, 2025.

(ix) The Parties have not identified any other matters pertinent to the completion of discovery in this case.

(d) The Parties agree that early mediation may be useful in this case, after the pending preliminary injunction motion is ruled upon by the Court.

(e) The Parties propose that the deadline for motions for summary judgment and motions to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) or *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999) shall be August 11, 2025.

(f) The Parties suggest that the earliest date by which this case should reasonably be expected to be ready for trial is November 10, 2025.

(g) The Parties estimate that it will take approximately two days to try the case to a verdict.

(h) The Parties do not believe any other matters are appropriate for inclusion in this Joint Proposed Scheduling Plan at this time.

(i) Beyond the foregoing paragraphs, the Parties have not identified any other matters deemed appropriate for inclusion in this Joint Proposed Scheduling Plan at this time.

Dated:  January 31, 2025

Respectfully submitted,

**LEWIS RICE LLC**

By:  */ s / Winthrop B. Reed, III*
Winthrop B. Reed, III, #42840
T. Hunter Brown, #70634
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
314-444-7617 (Telephone)
314-612-7617 (Facsimile)
wreed@lewisrice.com
hbrown@lewisrice.com

*Attorneys for Plaintiff Trustees of Boston College*

**ROSENBLUM GOLDENHERSH, P.C.**

BY:  /s/ *Jeffrey B. Hunt (w/consent)*
Jeffrey B. Hunt, #33349MO
7733 Forsyth, 4th Floor
Clayton, MO   63105-1812
(314) 726-6868
(314) 726-6786 Facsimile
jhunt@rgsz.com

*Attorneys for Defendant Urshan University, Inc.*

4