IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:24-cv-1523 |
| URSHAN UNIVERSITY, INC., | ) |
| Defendant. | ) |

### UNITED PENTACOSTAL CHURCH DEVELOPMENT FUND, INC.'S MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(a) or (b), Intervenor United Pentecostal Church Development Fund, Inc. (the "Fund"), by and through their undersigned counsel, respectfully asks to intervene in the above-captioned matter due to the Fund's direct and immediate interest in certain stained glass Windows[1] that are in grave peril by virtue of this lawsuit. Intervention is necessary because Plaintiff does not seek money damages from Defendant Urshan but seeks specific performance of delivery of allegedly donated Windows in violation of the Fund's interest, and in making intervention more necessary and urgent, Plaintiff seeks a preliminary injunction order allowing it to immediately remove the Windows from the Property which would irreparably harm the Fund if its interests were not asserted or respected.  In order to assert and seek enforcement of its rights, the Fund states as follows in support of it being allowed to intervene in this lawsuit as a third-party plaintiff:

1.  On November 11, 2024, Plaintiff Boston College sued Urshan University in contract for failing to deliver possession of a gift.  28 U.S.C. § 1332; s*ee generally* Compl. (Doc. 1).

---

[1] The Motion utilizes the terms tagged by Plaintiff in its Complaint.

2. Specifically, Plaintiff alleges that Urshan agreed in September (2024) to donate historic stained-glass Windows from Urshan's Property at the former St. Stanislaus Seminary campus in St. Louis County to Plaintiff. *See generally* Compl. (Doc. 1), at pp. 1-2, 6.

3. Plaintiff alleges that Urshan represented that Urshan could donate the Windows free and clear of any other's rights, title or interest. *See* Ex. A to Complaint (Doc. 1-1), at 1. However, Urshan could not do so because the Fund holds a present security interest in the Windows.

4. In making the situation more dire for the Fund, Plaintiff does not seek damages but demands specific performance of the "gift agreement" or "Agreement" (as Plaintiff refers to it in the Complaint) and has sought immediate injunctive relief that would allow Plaintiff to presently remove the Windows from the Property. Compl. (Doc. 1), at pp. 2, 9. Any such relief would gravely impair the Fund's interest in the Windows and irreparably harm the Fund in violation of its preexisting contractual rights.

5. Long before any purported gift "Agreement" pertaining to the Windows, Urshan executed two deeds of trust for the Property in favor of the Fund on December 8, 2015 that were duly recorded with the Recorder of Deeds for St. Louis County, Missouri, in Book 21800, Page 2806 and Book 21800, Page 28370 on December 11, 2015 (collectively, the "Deeds of Trust"). *See* Deeds of Trust, attached hereto as **Exhibit 1** and incorporated herein by reference.

6. The Deeds of Trust grant the Fund a security interest in the Windows because it includes all "Mortgaged Property," which is a term defined by the Deeds of Trust to include "(1) the Land; (2) Improvements; (3) Fixtures; (4) Personalty;" etc. *Id*. (**Ex. 1**), at pp. 3, 2 (subsection D(1)(y), (q), (k)).

7. The Fund has a first priority interest in the Property, including the Windows, because there are no prior deeds of trusts or other security filings affecting the Property.

8. The Fund did not consent or otherwise agree to Plaintiff obtaining the Windows from Urshan.

9. The Fund, as the "Lender" as the term is used in the Deed of Trust, has the authority to seek enforcement of the rights conferred on it by the Deed of Trust. *Id*. (**Ex. 1**), at pp. 6, 3, 1 (subsection D(3)(d), (D)(1)(v), A).

10. As the beneficiary of the Deeds of Trust, the Fund has a substantial financial interest in the Property, including any fixtures and improvements, such as these one-of-a-kind, highly valuable Windows that Plaintiff seeks to obtain.

11. Intervention is proper under Rule 24(a) as a matter of right because: (1) the Fund has a direct interest in the Property that is the subject of this litigation; (2) disposition of the case may impair or impede the Fund's ability to protect its interest; and (3) no existing party adequately represents the Fund's interests. *Taylor v. Southwestern Bell Tel. Co.,* 251 F.3d 735, 741 (8th Cir. 2001); *see* MO. REV. STAT. §§ 400.9-315, 9-201.

12. Alternatively, permissive intervention under Rule 24(b) is warranted because the Fund's interest in enforcing the Deeds of Trust shares common legal and factual questions with the underlying dispute. *South Dakota v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003); *see* MO. REV. STAT. §§ 400.9-315, 9-201.

13. Allowing intervention will not prejudice any party and will ensure a more complete adjudication of the issues implanted by Plaintiff's claim to the Windows.

14. In compliance with Rule 24(c), Intervenor attaches its responsive pleading hereto **Exhibit 2**.

15. Contemporaneously, the Fund filed and incorporates by reference its Memorandum in Support of its Motion to Intervene.

WHEREFORE, Intervenor United Pentecostal Church Development Fund, Inc., prays for the Court to issue an order allowing it to intervene in this lawsuit, to file *instanter* the Fund's proposed pleading (**Ex. 2**), and for such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **MICKES O'TOOLE, LLC**

    By: _____
    Steven D. Hall, #MO56762
    shall@mickesotoole.com
    Heather R. Igoe, #MO68744
    higoe@mickesotoole.com
    12412 Powerscourt Drive, Suite 200
    St. Louis, Missouri 63131
    314-878-5600 | 314-878-5607 (fax)

    *Counsel for Intervenor United Pentecostal Church Development Fund, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 5, 2025, the foregoing was filed electronically with the Court's CM/ECF system which affords service to all attorneys of record.

_____