UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No.: 4:24-cv-1523 HEA |
| URSHAN UNIVERSITY, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

### DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING THE COURT'S DIVERSITY JURISDICTION

COMES NOW Defendant Urshan University, Inc. ("Urshan"), by and through its undersigned attorney, and files this Supplemental Brief in response to the Court's Order (Doc. #40) regarding the issue of the Court's subject matter jurisdiction. At the outset, Urshan states that solely for purposes of responding herein and not for purposes of any admission or otherwise, it accepts as true the allegations of the Complaint filed by Plaintiff, Boston College ("Plaintiff") including that Plaintiff is scheduled to pay $27,000.00 as value for the subject 13 Windows.

Initially, there is no dispute that the parties are diverse, *i.e.*, citizens of different states. 28 U.S.C. §1332(a)(1). The sole question herein under 28 U.S.C. §1332(a) is whether the amount in controversy in this case is greater than $75,000, exclusive of interest and costs. Plaintiff itself has established "value" of the Windows in its Complaint as $27,000.00, which is far less than the amount in controversy of $75,000.00. Urshan does note the historical and religious significance of the Windows and, as previously briefed in the preliminary injunction briefing, the importance of the Windows to any historical tax credits for possible redevelopment of the subject Property. Simply stated, the value of the Windows in place at the Saint Stanislaus Academy Building is far

different than ripping out the Windows, spending huge sums risking the precarious condition of the 100+ years old Windows, restoring, renovation and repairing the Windows and sending the Windows to Boston.

In its Complaint, Plaintiff avers that under the willing-seller, willing buyer model, Plaintiff "insisted on negotiating a below market price for the Windows that reflect (1) Urshan's desire to liquidate assets quickly; (2) the substantial risk inherent in removing and transporting the antique stained glass; and (3) the expenses involved in removing and transporting the Windows" to Massachusetts.  (Complaint, Doc.#1 at ¶30).  The expenses listed amounted to approximately $18,000. (*Id*.).  But Plaintiff does not seek damages—only specific performance of the $27,000.00 Agreement to obtain the Windows and having the Windows ripped out and taken to Boston.

Further, in his original Declaration filed with the Court (Doc. #13-2), Father Casey Beaumier on behalf of Plaintiff, echoes the theory that he "negotiated" the $27,000 "price" for the Windows due to Plaintiff's potential incurring of "considerable expense in removing, preserving, restoring, transporting, and installing the Windows" in Boston.  (*Id.* at ¶10).  These costs are not part of the fair market value for the Windows and are not sought by Plaintiff in the case.  Thus, Father Beaumier admits that the willing buyer (Plaintiff) and willing seller (Urshan) negotiated for a price lower than whatever value the Windows allegedly have due to, among other things, the high cost of restoration, repair and renovation of the Windows. *(Id*. at ¶12). This is in line with the Frei Declaration filed in Support of the Plaintiff's Motion for Preliminary Injunction addressing the huge amount of expenses for renovation, restoration and repair the Windows will have to suffer once ripped out of the building.  (Doc. #13-1).

To this end, the Declaration of Jennie Russell of Urshan is attached hereto as Exhibit 1. Ms. Russell reiterates that the transaction, if indeed an Agreement, was a valuation of the Windows made at arms' length for the amount of $27,000.00.[1]

## ARGUMENT

The Court lacks diversity jurisdiction under 28 U.S.C. §1332 because the amount in controversy is less than $75,000.00, exclusive of interests and costs. Federal courts are courts of limited jurisdiction and lack the power to adjudicate claims that do not meet the statutory requirement. *Stockman v. Fed. Election Commission*, 183 F.3d 144, 151 (5th Cir. 1998); *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the Court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). Here, the Court zeroed in on the issue of the existence of subject matter jurisdiction under §1332.

"The proponent of diversity jurisdiction [here Plaintiff] has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). To meet this burden, the proponent must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22, 2014 WL 3341121, at *2 (E.D. Mo. July 8, 2014).

---

[1] As Ms. Russell indicates in her originally filed Declaration (Doc.#22-1), the Windows, when in place at the Saint Stanislaus Academy, have value to the building itself, which is different than the removal of Windows from status of fixtures to personal property.

3

It has long been established that in an action seeking equitable relief (Plaintiff only seeks specific performance of the alleged Agreement and no damages), the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977)(measured by the value of the consequences which may result from the litigation). Again, the value here was established between the parties in the alleged Agreement as a gift for a gift donation of $27,000.00 as the value of the Windows.

Typically, the amount in controversy for diversity jurisdiction is ascertained from the face of the Complaint itself. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). "[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)(alteration and internal quotations omitted).

This Court's opinion in *Guichard v. McCormick Baron Mgmt, Inc.*, 2024 W.L. 551600 Case No. 4:24-cv-66 (E.D. Mo. 2024) is instructive here. In the main, this Court noted that the "amount in controversy is to be ascertained from the complaint itself." Id. at *2, citing *Horton v. Liberty Mut. Ins. C*o., 367 U.S. 348, 363 (1961). Further, when the Court, as here, questions whether the amount in controversy is legitimate, the party "invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Id.* Again, the Complaint and the declarations filed by Plaintiff in the Preliminary Injunction motion, establish, at best, an ss value of $27,000.00 for the Windows due to the vicissitudes and uncertainties of restoration, repair and removal of the Windows.

As noted above, Plaintiff's Complaint and, indeed its Declarations in support of its Motion for a Preliminary Injunction (Doc #13), assert it will pay to Urshan the $27,000.00

4

negotiated under the alleged Agreement between the parties. Importantly, this position underlines that value is generally derived from what a willing buyer would pay in cash to a willing seller. *See generally Miller v. United States*, 223 Ct. Cl. 352, 377, 620 F.2d 812 (1980)(noting "the legal definition of fair market value is the price at which property would change hands in a transaction between a willing buyer and a willing seller, neither being under compulsion to buy or sell, and both being reasonably informed as to all relevant facts"). In this diversity case, Missouri law applies. Missouri law provides that "[t]he fair market value of land is what a reasonable buyer would give who was willing but did not have to purchase, and what a seller would take who was willing but did not have to sell." *St. Louis City v. River Bend Estates Homeowners' Ass'n*, 408 S.W.3d 116, 135 (Mo. banc 2013)(citing *City of St. Louis v. Union Quarry*, 394 S.W.2d 300, 305 (Mo. 1965)).

Under Plaintiff's own theory, the willing buyer and willing seller agreed to a $27,000.00 deal as the value for the 13 Windows. It is upon this alleged Agreement that Plaintiff seeks specific performance. There are no other claims. As a result, the threshold amount under 28 U.S.C. §1332 of $75,000.00, exclusive of interests and costs is lacking and the Court should dismiss the case on jurisdictional grounds.

## **CONCLUSION**

WHEREFORE, Defendant Urshan University, Inc. prays that the Court dismiss this case for lack of subject matter jurisdiction under 28 U.S.C. §1332, that Urshan recover herein its attorneys' fees, costs and expenses and that the Court grant such other and further relief as is just and proper in the premises.

Respectfully submitted,

ROSENBLUM GOLDENHERSH, P.C.

BY: /s/ Jeffrey B. Hunt
Jeffrey B. Hunt, #33349MO
7733 Forsyth, 4th Floor
Clayton, MO  63105-1812
(314) 726-6868
(314) 726-6786 Facsimile
jhunt@rgsz.com

*Attorneys for Defendant Urshan University, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following on this 24th day of February 2025, via operation of the Court's electronic filing system:

Winthrop B. Reed, III
T. Hunter Brown
Lewis Rice LLC
600 Washington Ave., Ste. 2500
St. Louis, MO 63101
*Counsel for Plaintiff/Third-Party Defendant Trustees of Boston College*

Steven D. Hall
Heather R. Igoe
Mickes O'Toole, LLC
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
*Counsel for Third-Party Plaintiff, United Pentecostal Church Development Fund, Inc.*

/s/ Jeffrey B. Hunt