IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, )<br>)<br>    Plaintiff, Third Party Defendant, )<br>)<br>v. )<br>)<br>URSHAN UNIVERSITY, INC., )<br>)<br>    Defendant, Third Party Defendant, )<br>)<br>v. )<br>)<br>UNITED PENTECOSTAL CHURCH )<br>DEVELOPMENT FUND, INC. )<br>)<br>    Intervenor Plaintiff, Third Party )<br>    Plaintiff. ) | Case No. 4:24-cv-1523-HEA |

**TRUSTEES OF BOSTON COLLEGE'S PARTIAL MOTION TO DISMISS**

Plaintiff and Third-Party Defendant Trustees of Boston College ("BC"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to partially dismiss with prejudice Count II of the Third-Party Complaint filed by United Pentecostal Church Development Fund, Inc. (the "Fund"). In support of this Motion, BC states as follows:

    1.    This case involves a dispute over 13 stained glass windows ("Windows") located in the chapel of the former St. Stanislaus Seminary in Florissant, Missouri (the "Property"). On September 9, 2024, BC and Urshan University, Inc. ("Urshan") entered a mutual gift agreement ("Agreement") for BC to acquire the Windows for preservation purposes. Urshan subsequently announced to BC that it intended to rescind the Agreement, resulting in the present lawsuit.

2. On February 21, 2025, the Fund intervened in this lawsuit alleging it has a security interest in the Windows.

3. On February 27, 2025, the Fund filed a Third Party Complaint (the "Fund Complaint") against both BC and Urshan.

4. Count II of the Fund Complaint alleges that BC tortiously interfered with a contract between it (the Fund) and Urshan.

5. Specifically, Count II of the Fund Complaint alleges that BC tortiously interfered with a contract between it and Urshan by inducing Urshan to violate a pre-existing contract when BC and Urshan negotiated and entered the Agreement.

6. In support of this argument, the Fund attached to the Fund Complaint two Deeds of Trust ("DOTs"), which it holds out to be the interfered-with contracts between it and Urshan.

7. However, the DOTs—clearly on their face—reveal that they are between the Fund and an entirely different, non-party entity.

8. The Fund cannot pursue a claim for tortious interference with a contract, based on an underlying contract it alleges to have between it and Urshan, if the underlying contract is in fact not between the Fund and Urshan.

9. For these reasons, and the reasons set forth in BC's Memorandum in Support of its Partial Motion to Dismiss, which is incorporated herein by reference and filed contemporaneously herewith, the Fund's Count II for tortious interference should be dismissed with prejudice.

WHEREFORE, BC respectfully requests that this Court enter an Order granting its Partial Motion to Dismiss, dismissing Count II of the Fund's Complaint with prejudice, and granting such other and further relief as the Court deems just and proper.

Dated: March 14, 2025

Respectfully submitted,

**LEWIS RICE LLC**

By: /s / *Winthrop B. Reed, III*
Winthrop B. Reed, III, #42840
T. Hunter Brown, #70634
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
314-444-7617 (Telephone)
314-612-7617 (Facsimile)
wreed@lewisrice.com
hbrown@lewisrice.com

*Attorney for Plaintiff Trustees of Boston College*

3