IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| | ) |
| Plaintiff, Third Party Defendant, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-1523-HEA |
| | ) |
| URSHAN UNIVERSITY, INC., | ) |
| | ) |
| Defendant, Third Party Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED PENTECOSTAL CHURCH DEVELOPMENT FUND, INC. | ) |
| | ) |
| Intervenor Plaintiff, Third Party Plaintiff. | ) |

**TRUSTEES OF BOSTON COLLEGE'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES AND COUNTERCLAIM TO THIRD-PARTY COMPLAINT FILED BY UNITED PENTECOSTAL CHURCH DEVELOPMENT FUND, INC.**

Plaintiff / Third-Party Defendant Trustees of Boston College ("BC"), by and through undersigned counsel, answers the claims made by Intervenor Plaintiff / Third-Party Plaintiff United Pentecostal Church Development Fund, Inc. ("Fund") in its Third-Party Complaint ("Fund Complaint") as follows below.[1]

---

[1] The headings in the Third-Party Complaint are repeated herein for convenience or reference only and are not statements or admissions by BC. To the extent an answer to the headings is required, BC denies any and all allegations contained therein. For the avoidance of doubt, all allegations not expressly admitted herein are denied.

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the Fund Complaint constitute legal conclusions to which no answer is required. To the extent an answer is required, BC denies all allegations contained in Paragraph 1 of the Fund Complaint.

## PARTIES, JURISDICTION AND VENUE

2. Upon information and belief, BC admits the allegations contained in Paragraph 2 of the Fund Complaint.

3. BC admits the allegations contained in Paragraph 3 of the Complaint.

4. Upon information and belief, BC admits the allegations contained in Paragraph 4 of the Fund Complaint.

5. The allegations contained in Paragraph 5 of the Fund Complaint call for a legal conclusion and therefore no answer is required. To the extent an answer is required, BC admits only that jurisdiction is proper in this Court. Except as expressly admitted herein, BC denies the allegations in Paragraph 5 of the Fund Complaint.

6. The allegations contained in Paragraph 6 of the Fund Complaint call for a legal conclusion and therefore no answer is required. To the extent an answer is required, BC admits only that venue is proper in this Court. Except as expressly admitted herein, BC denies the allegations in Paragraph 6 of the Fund Complaint.

## FACTUAL ALLEGATIONS

7. BC admits that Urshan owns the Property, which includes the St. Stanislaus Seminary campus located at 700 Howdershell Road in Florissant, Missouri, which includes the Windows. BC lacks information sufficient to admit or deny the remaining allegations in Paragraph 7 of the Fund Complaint, and therefore denies the same.

8. BC states that the Deeds of Trust referenced in Paragraph 8 of the Fund Complaint speak for themselves and BC denies all allegations inconsistent therewith. BC denies any remaining allegations in Paragraph 8 of the Fund Complaint.

9. BC states that the Deeds of Trust referenced in Paragraph 9 of the Fund Complaint speak for themselves and BC denies all allegations inconsistent therewith. Further, the allegations contained in Paragraph 9 call for a legal conclusion requiring no answer. BC denies any remaining allegations in Paragraph 9 of the Fund Complaint.

10. The allegations contained in Paragraph 10 of the Fund Complaint call for a legal conclusion and therefore no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 10 of the Fund Complaint.

11. BC states that the Deed of Trust referenced in Paragraph 11 of the Fund Complaint speaks for itself and BC denies all allegations inconsistent therewith. Further, the allegations contained in Paragraph 11 call for a legal conclusion requiring no answer. BC denies any remaining allegations in Paragraph 11 of the Fund Complaint.

12. BC admits that it entered into a gift agreement with Urshan University ("Urshan") in which Urshan was to donate the Windows to BC, as stated in Paragraph 12 of the Fund Complaint.

13. BC admits that the Windows have never been delivered to it as stated in Paragraph 13 in the Fund Complaint. BC further admits that, to the best of its knowledge, the Windows remain where they have been previously located since BC became aware of the Windows. To the extent that the Fund Complaint makes any legal conclusions about whether the Windows were "installed as part of a structure on Urshan's Property," in this Paragraph, no answer is required, and therefore BC denies the same.

14. BC admits that Urshan is in breach of its contractual obligations with regards to the incomplete gift of the Windows, as stated in Paragraph 14 of the Fund Complaint, and further states that it is entitled to receipt of the Windows from Urshan.

15. BC's Complaint (ECF No. 1) speaks for itself regarding the relief sought in its lawsuit from Urshan. BC further states that it reserves the right to amend its pleadings to seek additional types of damages or other relief from any other party.

16. BC admits that it has filed a motion for preliminary injunction. That motion speaks for itself. Except as expressly admitted herein, the allegations contained in Paragraph 16 call for legal conclusions and therefore no answer is required. To the extent an answer is required, BC denies the remaining allegations in Paragraph 16 of the Fund Complaint.

17. The allegations contained in Paragraph 17 of the Fund Complaint call for legal conclusions and therefore no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 17 of the Fund Complaint.

18. BC lacks information sufficient to admit or deny the allegations in Paragraph 18 of the Fund Complaint, and therefore denies the same. Additionally, as to the allegations in Paragraph 18 that rely on the Deeds of Trust, those documents speak for themselves. Further to the extent that Paragraph 18 calls for any legal conclusions, no answer is required as to those conclusions, and therefore BC denies the same.

19. BC denies the allegations contained in Paragraph 19 of the Fund Complaint.

## COUNT 1 – DECLARATORY JUDGMENT
## 28 U.S.C. §2201

20. BC incorporates by reference its answers contained in Paragraphs 1 through 19 as if fully set forth herein.

4

21. The allegations contained in Paragraph 21 call for legal conclusions, and therefore no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 21 of the Fund Complaint.

22. The allegations contained in Paragraph 22 call for legal conclusions, and therefore no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 22 of the Fund Complaint.

23. The allegations contained in Paragraph 23, including in sub-paragraphs (a) through (f), call for legal conclusions, and therefore no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 23 of the Fund Complaint.

BC denies any and all allegations contained in the WHEREFORE Paragraph following Paragraph 23 of the Complaint, and specifically denies that the Fund is entitled to any of the relief sought therein.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT
**(Against Boston College)**

The allegations contained in the Fund's Complaint relating to Count II (Paragraphs 24 through 30, including the WHEREFORE paragraph following Paragraph 30) are subject to a contemporaneously filed Partial Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Therefore, no answer is required. To the extent that an answer is required, BC denies the allegations contained in Count II of the Fund's Complaint.

## COUNT III – EQUITABLE CANCELLATION OF INSTRUMENT
**(Against Boston College)**

31. BC incorporates by reference its answers contained in Paragraph 1 through 30 as if fully set forth herein.

32. The allegations contained in Paragraph 32 call for legal conclusions, and therefore, no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 32 of the Fund Complaint. Answering further, the Deeds of Trust referenced in the allegations in Paragraph 32 speak for themselves.

33. The allegations contained in Paragraph 33 call for legal conclusions, and therefore, no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 33 of the Fund Complaint. Answering further, BC's Complaint as well as any agreement referenced in the allegations in Paragraph 33 speak for themselves.

34. BC states that the BC Complaint and the Agreement as referenced in Paragraph 34 of the Fund's Complaint speak for themselves. BC further admits that it has an interest in the Windows that requires their immediate removal from the Property. Except as expressly admitted herein, BC denies the allegations contained in Paragraph 34 of the Fund Complaint.

35. BC states that the Agreement and BC Complaint referenced in Paragraph 35 of the Fund Complaint speak for themselves. Answering further, BC admits that Urshan represented it has all "right, title and interest" in the Windows, as stated in Paragraph 35 of the Fund Complaint. Except as expressly admitted herein, BC lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of the Fund Complaint. To the extent that the allegations in Paragraph 35 of the Fund Complaint call for a legal conclusion, no answer is required.

36. BC states that the allegations in Paragraph 36 of the Fund Complaint are not directed at BC, and therefore no further response is required. To the extent that a response is required, BC states that the allegations in Paragraph 36 call for a legal conclusion, and therefore no answer is required. To the extent an answer is required, BC lacks information sufficient to admit

6

or deny the allegations in Paragraph 36. Answering further, BC states that the referenced letter in Paragraph 36 of the Fund Complaint speaks for itself.

37. BC denies that it knew of any mistake or that it was aware of any interest in the Windows beyond Urshan's. Answering further, and except as expressly stated herein, BC lacks information sufficient to admit or deny the allegations in Paragraph 37 of the Fund Complaint, and therefore denies the same.

38. The allegations contained in Paragraph 38 call for legal conclusions, and therefore, no answer is required. To the extent an answer is required, BC denies the allegations in Paragraph 38 of the Fund Complaint. Answering further, the Agreement referenced in Paragraph 38 speaks for itself.

39. BC states that the allegations in Paragraph 39 of the Fund Complaint are not directed at BC, and therefore no further response is required. To the extent a response is required, BC admits only that Urshan has stated its desire to cancel a completed agreement. Except as expressly stated herein, BC lacks information sufficient to admit or deny the allegations in Paragraph 39 of the Fund Complaint.

BC denies any and all allegations contained in the WHEREFORE Paragraph following Paragraph 39 of the Fund Complaint, and specifically denies that the Fund is entitled to any of the relief sought therein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. The Fund's claims fail to state a claim upon which relief can be granted because, among other reasons, they merely state legal conclusions without factual support.

2. The Fund's claim for tortious interference fails because the Fund has not alleged and/or cannot allege or demonstrate facts showing that BC tortiously interfered with any contract

7

between the Fund and Urshan, or that BC otherwise engaged in any unlawful conduct in respect to the Fund.

3. The Fund's claim for tortious interference fails because the Fund has not alleged and cannot demonstrate facts showing that they had any valid business expectancy that has been impacted by BC, and further that BC intentionally interfered with that expectancy such that there has been a breach of contract and an inducement to do the same.

4. The Fund's claims are barred because Urshan possessed the actual and implied authority to enter into the at-issue agreement with BC to transfer ownership of the Windows.

5. The Fund's claims against BC are barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

6. Due to the Fund's own wrongful or inequitable conduct, the Fund's claims are barred, in whole or in part, by the doctrine of unclean hands or *in pari delicto*.

7. The Fund's claims against BC fail, in whole or in part, because no conduct of BC has caused the Fund any alleged damages or to otherwise suffer an ascertainable loss of money or property.

8. The Fund's claims against BC fail, in whole or in part, because the Fund has failed to mitigate its alleged damages, if any.

9. The Fund's claims against BC fail, in whole or in part, because any damages allegedly sustained by the Fund were caused by the actions or inactions of another party, including but not limited to Urshan, over whom BC had no responsibility or control.

10. The Fund's alleged claims against BC fail, in whole or in part, because any damages allegedly sustained by the Fund were caused by the Fund's own conduct.

11. The Fund's claims for Equitable Cancellation of an Instrument against BC must fail because the Fund has failed to plead facts nor could it demonstrate facts that would allow it to obtain this relief against BC.

12. The Fund's claims for tortious interference is barred by the economic loss doctrine.

13. BC holds a legal or equitable claim of right to the Windows which takes priority over any purported security interest asserted by the Fund.

14. The Fund's claims against BC additionally fail to state any claim upon which relief may be granted in that all counts of the petition turn, in actuality, upon agreement(s) between the Fund and Urshan or other parties, and any legal remedy or action that the Fund seeks must therefore be against Urshan or those other parties. Before the instigation of the Fund's Third Party Complaint, BC had no prior dealings with the Fund such that any legal obligations or damages could arise.

15. BC reserves the right to assert any additional defenses that become known during discovery.

WHEREFORE, BC prays that this Court dismiss the Fund's Complaint entirely, with prejudice, award BC its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNTERCLAIM

BC states the following for its Counterclaim against the Fund:

## BACKGROUND

1. In the Fall of 2023, BC entered discussions with Urshan concerning the acquisition of the Windows, which BC wanted to preserve from harm and maintain on its campus for prominent display.

2. Prior to those negotiations between BC and Urshan, Urshan had been made aware of the historical significance of the Windows, and BC reiterated that significance during negotiations.

3. On September 9, 2024, BC And Urshan entered into the Agreement to transfer the Windows to BC. Urshan also agreed to "take reasonable steps to facilitate BC's acquisition of the Windows." *See* ECF No. 1-1.

4. In the Agreement, Urshan expressly represented that it had full title to the Property, including the Windows, free and clear of encumbrances. It also agreed to obtain any permits necessary to remove the Windows.

5. On September 9, 2024, Urshan, through its Chief Financial Officer Frank Buchanan, II, executed a Bill of Transfer by which Urshan "grant[ed], transfer[red], set over and convey[ed] to [BC] all right, title, and interest in and to the Windows." *See* ECF No. 1-2.

6. After the Agreement was executed on September 9, 2024, BC expended substantial time and resources to prepare to transfer the Windows to Massachusetts, all in reliance on Urshan's representations under the Agreement.

7. On September 26, 2024, Mr. Buchanan announced via email that he intended to "rescind . . . the agreement for the [Windows]." *See* ECF No. 1-3.

8. Beginning during the negotiation period for the Agreement, and continuing through the attempted rescission on September 26, 2024 of the Agreement, the Fund was aware of Urshan's negotiations and dealings with BC. Upon information and belief, the Fund not only was aware, but approved of the Agreement.

9. The Fund's Chairman, Dr. David K. Bernard, is also the Chancellor of Urshan University.

10. In the regular course of business, and due to shared pecuniary interests, the Fund and Urshan regularly operate under joint leadership and with common purpose.

11. BC filed suit against Urshan to enforce the Agreement on November 14, 2024. (ECF No. 1).

12. BC first learned about any potential issues involving a security interest being asserted against the Property in Urshan's Memorandum in Opposition to BC's Motion for Preliminary Injunction, which was filed on January 10, 2025. (ECF No. 22 at 6).

## COUNT I: NEGLIGENT MISREPRESENTATION

13. BC incorporates by reference the allegations contained in Paragraphs 1 through 11 of tis Counterclaim as if fully set forth herein.

14. The Fund knew about the Agreement and the negotiations leading up to it as a result of their overlap in the course of their business dealings with Urshan.

15. Fund had a duty to disclose its purported interest in the Windows because it knew that BC was about to enter into a transaction with less than full knowledge as to the status of the title to the Windows.

16. Because of the relationship between the Fund and Urshan, and their usual customs and other operating business circumstances, including shared pecuniary interest, BC could

11

reasonably expect disclosure of the fact that the Fund held a purported security interest in the Windows.

17. By intentionally or negligently failing to contact BC about its purported interests in the Windows, the Fund made a false representation by omission.

18. The Fund knew or should have known that Urshan did not disclose any of the Fund's interests in the Property to BC; and further the Fund knew or should have known that, by remaining silent, BC would reasonably act upon its negotiations with Urshan and enter the Agreement.

19. The Fund's knowledge of its purported security interest in the Windows could not reasonably have been known by BC in the course of BC's dealings with Urshan.

20. Because the Fund did not disclose its purported security interest to BC in the Windows, which was a failure of reasonable care, it allowed Urshan to state and BC to accept false information as true.

21. The Fund intended for BC to enter the Agreement with Urshan, which it effected by withholding material information.

22. BC's lack of knowledge about the Fund's purported security interest in the Windows would have been material to its decision to enter the Agreement.

23. Prior to the Agreement being entered by Urshan and BC, but during the course of negotiations, the Fund intentionally omitted and withheld information from the negotiating parties specifically.

24. BC, with no knowledge to the contrary from the Fund about any purported security interest in the Windows, justifiably relied on Urshan's statements about its ownership of the same.

25. BC has suffered pecuniary loss as a proximate cause of the Fund's intentional withholding of information, including, but not limited to, all legal fees associated with this lawsuit.

WHEREFORE, BC respectfully requests that this Court enter judgment against the Fund for negligent misrepresentation, for its attorneys' fees and costs, and for any further relief this Court deems appropriate under the circumstances.

### COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT

26. BC incorporates by reference the allegations contained in Paragraphs 1 through 25 of its Counterclaim as if fully set forth herein.

27. BC had a valid contract with Urshan, whereby it would receive the Windows.

28. The Fund knew, actually and constructively, of this contract interest held by BC due to its close business relationship with Urshan and overlapping leadership.

29. The Fund intentionally interfered with BC's contractual interest in the Agreement by, namely, inducing Urshan to breach the Agreement and stymie BC's obtaining of the Windows, as contractually promised.

30. The Fund also interfered with BC's contractual interest in the Agreement by announcing that it holds a purported security interest in the Windows, months after it failed to disclose and/or withheld that exact same information to BC.

31. Additionally, the Fund intended to interfere with BC's contractual rights and interests by entering into this lawsuit, thus causing additional difficulty for BC to obtain the Windows as contractually agreed upon.

32. The Fund has no justification for its actions interfering with BC's interests as relates to the Agreement and the Windows.

33. BC has been damaged by the Fund's interference in many ways, including its loss of the benefit of the bargain with Urshan; by causing significant legal costs of having to bring this lawsuit against Urshan for the breach that the Fund induced; and additionally by causing additional legal fees to accrue by the Fund's joining in this same lawsuit to further interfere with BC's interests and leading to additional costs related to asserting its rights.

WHEREFORE, BC respectfully requests that this Court enter judgment against the Fund for tortious interference with its contract, the Agreement, between it and Urshan, that the Court award BC its attorneys' fees and costs, and for any further relief deemed just and proper by this Court.

Dated: March 14, 2025                                        Respectfully submitted,


                                                             **LEWIS RICE LLC**

                                            By:    */ s / Winthrop B. Reed, III*
                                                   Winthrop B. Reed, III, #42840
                                                   T. Hunter Brown, #70634
                                                   600 Washington Avenue, Suite 2500
                                                   St. Louis, MO 63101
                                                   314-444-7617 (Telephone)
                                                   314-612-7617 (Facsimile)
                                                   wreed@lewisrice.com
                                                   hbrown@lewisrice.com

                                                   *Attorney for Plaintiff Trustees of Boston College*