**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE,       ) | |
| ) | |
| Plaintiff/Third-Party Defendant,       ) | |
| ) | Cause No.:  4:24-cv-1523 HEA |
| vs.       ) | |
| ) | |
| URSHAN UNIVERSITY, INC.,       ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant/Third-Party Defendant.       ) | |

| | |
|---|---|
| UNITED PENTECOSTAL CHURCH       ) | |
| DEVELOPMENT FUND, INC.,       ) | |
| ) | |
| Intervenor Plaintiff/       ) | |
| Third-Party Plaintiff,       ) | |
| ) | |
| vs.       ) | |
| ) | |
| TRUSTEES OF BOSTON COLLEGE and       ) | |
| URSHAN UNIVERSITY, INC., and URSHAN       ) | |
| COLLEGIATE SUPPORT ORGANIZATION,       ) | |
| ) | |
| Third-Party Defendants.       ) | |

**DEFENDANT URSHAN UNIVERSITY, INC.'S JOINDER TO INTERVENOR'S MOTION TO CONTINUE RULE 16 CONFERENCE AND REPLY TO PLAINTIFF'S OPPOSITION**

COMES NOW Defendant/Third-Party Defendant Urshan University, Inc. ("Urshan") and files this Joinder and Reply in Support of the Motion to Continue the Rule 16 conference set for Friday, June 20, 2025 filed by Intervenor Plaintiff, the United Pentecostal Church Development Fund, Inc. ("Fund"). (Doc. #69).  Plaintiff has filed a Response to the Motion.  (Doc. #70).

Simply stated, the case has changed drastically from its original framing as a breach of contract/specific performance case between Plaintiff and Urshan.  Plaintiff itself has caused some of the delay by amending its complaint—changing the case from a breach of contract/specific

performance case to now alleging additional claims of Fraudulent Inducement and Negligent Misrepresentation against Urshan. (First Amended Complaint, Doc. #64). The Fund's amended complaint added the the United Collegiate Support Organization ("UCSO"), as owner of the Property/Windows at issue to get all interested parties before the Court.[1] The Fund's First Amended Complaint also adds additional claims to the case.

At the outset, Plaintiff paints the Fund's Motion as a delay tactic and in a footnote unfairly speculates as to the reasons for the Motion as gamesmanship. First, there is no need to rush to trial based on all the various claims asserted and added parties. Second, Urshan is unaware of the timing and activities concerning the Jesuit Archive Facility and its timing of use of the Windows. Even assuming some nefarious and sinister plots, which there are not, the pleadings are what the pleadings are and the parties find themselves in significantly different circumstances than even a few months ago.[2].

Additionally, Plaintiff complains about the proposed 30b6 deposition of Urshan. This nor any depositions should be taken until all the parties are in front of the Court and a new Scheduling Order is in place. Of course, it is wasteful to take a deposition of the same party twice.

UCSO will have separate counsel because it is a separate entity. Doubtlessly, there is some overlap among and between the various boards/management of the entities. Plaintiff filed with its Response Exhibit 1, a Secretary of State filing (Doc. #70-1) and argues it proves the entities are one the same and the case should proceed on that basis. However, there is no evidence to show that these entities were used to defraud Plaintiff or even that they are completely run and dominated

---

[1] Counsel just recently learned that the Fund filed UCSO's "Waiver of Service of Summons" (Doc. #71) allowing 60 days from May 20, 2025 to answer, file motions, etc.

[2] As an aside, Missouri law does not protect Plaintiff who failed to review publicly recorded and available records (Deeds of Trust/Deeds) before entering into the alleged Agreement with Urshan. *See* §442.390, R.S.Mo. Thus, Plaintiff could have kept this case on a faster track bringing interested parties in the suit from the get-go.

by another entity for the purpose of subterfuge or fraud.  The mere finding of control by a group of individuals or another entity is insufficient, however, standing alone, to pierce the corporate veil or show alter/ego and impose liability upon the alleged dominant corporation. The control exercised by that corporation must have been used in an improper manner to defraud others.  The inquiry is a multi-factored inquiry and cannot be made on the scant Record before the Court at this time. *See generally Collett v. American Nat. Stores*, 708 S.W.2d 273 (Mo.App. 1986).  The fact remains the Fund, Urshan and UCSO are separately registered with the Missouri Secretary of State.

Moreover, Plaintiff has not brought claims against UCSO and the Fund claiming they are one and the same with Urshan and that the alleged Agreement somehow is binding on the Fund and UCSO as part of an "alter ego" or piercing the corporate veil.  In any event, these claims are fact intensive and require a vast amount of discovery.

Finally, Plaintiff threatens a blizzard of Motions and other tactics to move the case on Plaintiff's timetable.  Simply stated, without full participation of all necessary parties, a new Scheduling Order is necessary after UCSO enters into the case.  A continuance makes sense for judicial economy until everyone is at the "table."

As for Urshan's compliance with the Court's preliminary injunction, the Windows have been boarded up at a great cost as required by the Court in its Preliminary Injunction Order.  Of course, Urshan is willing to have Plaintiff inspect the Windows at a mutually convenient time.

        Respectfully submitted,

        **ROSENBLUM GOLDENHERSH, P.C.**

BY:    /s/ Jeffrey B. Hunt
        Jeffrey B. Hunt, #33349MO
        7733 Forsyth Boulevard, 4th Floor
        Clayton, MO   63105-1812
        (314) 726-6868
        (314) 726-6786 Facsimile
        jhunt@rgsz.com

*Attorneys for Defendant/Third-Party Defendant Urshan University, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via operation of the Court's electronic email on this 9th day of June 2025:

Winthrop B. Reed, III
T. Hunter Brown
Lewis Rice LLC
600 Washington Ave., Ste. 2500
St. Louis, MO 63101
*Counsel for Plaintiff/Third -Party Defendant*
*Trustees of Boston College*
wreed@lewisrice.com
hbrown@lewisrice.com


Steven D. Hall
Heather R. Igoe
Mickes O'Toole, LLC
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
*Counsel for Third-Party Plaintiff, United*
*Pentecostal Church Development Fund, Inc.*
shall@mickesotoole.com
higoe@mickesotoole.com


                                                /s/ Jeffrey B. Hunt