IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:24-cv-1523 |
| ) | |
| URSHAN UNIVERSITY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

| |
|---|
| UNITED PENTECOSTAL CHURCH ) |
| DEVELOPMENT FUND, INC., ) |
| ) |
| Third-Party Plaintiff, ) |
| ) |
| v. ) |
| ) |
| TRUSTEES OF BOSTON COLLEGE, ) |
| URSHAN UNIVERSITY, INC., and ) |
| URSHAN COLLEGIATE SUPPORT ) |
| ORGANIZATION, ) |
| ) |
| Third-Party Defendants. ) |

**MOTION FOR PARTIAL SUMMARY JUDGMENT
BY UNITED PENTECOSTAL CHURCH DEVELOPMENT FUND, INC.**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Third-Party Plaintiff United Pentecostal Church Development Fund, Inc. ("Fund") asks the Court for partial summary judgment on Count I of the First Amended Third-Party Complaint by ruling that the Fund's 2015 lien has priority over any interest that Plaintiff/Third-Party Defendant Trustees of Boston College ("BC") obtained in 2024 over certain stained glass windows ("Windows") that are the subject to

1

this lawsuit. In compliance with the rules, a Statement of Uncontroverted Material Facts and Memorandum in Support are submitted herewith and incorporated by reference.

1. BC sued Defendant/Third-Party Defendant Urshan University ("Urshan") after Urshan did not deliver the Windows that it does not own. As a result of BC's claim, the Fund intervened in this lawsuit to prevent BC from obtaining relief that would violate a prior, superior lien/security interest that the Fund had obtained from the owner of the Windows. SUMF 9, 1; s*ee also* First Am. Compl., May 9, 2025 (Doc. 64), at ¶¶ 42-50 (seeking specific performance of an alleged agreement with the non-owner/Urshan to deliver the Windows to BC); First Am. Third-Party Compl., May 5, 2025 (Doc. 62), at ¶¶ 20-23 (seeking a declaratory judgment that the Fund's interest in the Windows has priority over the interests of any other party, including BC); *see also* Compl., Nov. 14, 2024 (Doc. 1), at Count I.

2. The Windows are part of a building previously used as a chapel that is located on the former campus of the St. Stanislaus Seminary located at 700 Howdershell Road in Florissant, Missouri (the "Property") that is owned by Third-Party Defendant Urshan Collegiate Support Organization ("UCSO"), and the Property is legally described by the General Warranty Deed as follows:

> LOT B OF ST. STANISLAUS SEMINARY, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 345, PAGES 123 AND 124 OF THE ST. LOUIS COUNTY, MISSOURI RECORDS.

SUMF 1-3 (specifically, SUMF 3 quotes General Warranty Deed, attached thereto as "Exhibit 1").

3. UCSO borrowed money from the Fund, and in exchange for that loan, UCSO granted two deeds of trust to the Fund to secure repayment of the loan (the "Deeds of Trust") that each legally described the Property as follows:

>   LOT B OF ST. STANISLAUS SEMINARY, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 345, PAGES 123 AND 124 OF THE ST. LOUIS COUNTY, MISSOURI RECORDS.

SUMF 4-5 (specifically, SUMF 5 quotes the Deeds of Trust, attached thereto as "Exhibit 3" and "Exhibit 4").

4. In 2015, the Deeds of Trust were duly recorded with the Recorder of Deeds for St. Louis County, Missouri, and the Deeds of Trust were readily available to anyone performing a title search when BC alleges that Urshan agreed to give it title to the Windows in 2024. SUMF 7-8.

5. Any reasonable title search of the Property would have turned up the recorded Deeds of Trust, and any review of those Deeds of Trust would have disclosed that the Fund's interest attached to the Windows, which is both customary and contractual. SUMF 6 (defining "Mortgaged Property" as "(1) the Land; (2) Improvements; (3) Fixtures; (4) Personality;").

6. Regardless of whether it performed a title search, BC had legal notice of the Fund's lien on the Windows because the Deeds of the Trust were recorded and constitute a security agreement and fixture filing. *Id*; *see* MO. REV. STAT. §§ 400.9-334,9-502; *see also* SUMF 6-7.

7. As a result, any interest that BC acquired in the Windows in 2024 (if any) is subject to the Fund's 2015 lien, and the Fund's lien is superior to BC's interest and has priority over any lien or interest asserted or possessed by any other party to this lawsuit.

8. The record in this lawsuit supports no other conclusion, and the Court should grant this Motion.

WHEREFORE, Third-Party Plaintiff United Pentecostal Church Development Fund, Inc. asks the Court for partial summary judgment on Count I of the First Amended Third-Party Complaint by ruling that its 2015 mortgage lien is superior and has priority over any interest that Plaintiff Trustees of Boston College obtained in 2024 over certain stained glass windows that are

the subject to this Lawsuit, prohibiting the removal, donation, transfer, or sale of the Windows without the Fund's consent, and for such further relief as the Court deems necessary and just.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By: _____
Steven D. Hall, #MO56762
shall@mickesotoole.com
Heather R. Igoe, #MO68744
higoe@mickesotoole.com
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
314-878-5600 | 314-878-5607 (fax)

*Counsel for Third-Party Plaintiff United Pentecostal Church Development Fund, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, the foregoing was filed electronically with the Court's CM/ECF system which affords service to all attorneys of record.

_____