IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| | ) |
|     Plaintiff/Third-Party Defendant, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-1523-MAL |
| | ) |
| URSHAN UNIVERSITY, INC., | ) |
| | ) |
| Defendant/Third-Party Defendant, | ) |
| | |
| UNITED PENTECOSTAL CHURCH DEVELOPMENT FUND, INC., | ) ) |
| | ) |
|     Intervenor Plaintiff/Third-Party Plaintiff, | ) ) |
| | ) |
| v. | ) |
| | ) |
| TRUSTEES OF BOSTON COLLEGE, URSHAN UNIVERSITY, INC., and URSHAN COLLEGIATE SUPPORT ORGANIZATION, | ) ) ) ) |
| | ) |
|     Third-Party Defendants. | ) |

**STIPULATION FOR PROTECTIVE ORDER**

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that discovery or documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

    (a) "Attorneys" means outside counsel of record;

    (b) "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

1

(c) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Confidential," a party may designate any document, including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends constitutes or contains trade secret or other confidential information. The producing party may designate documents as "Confidential" and subject to protection under this Order by marking or placing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the document's legibility.

3. All confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes.

4. Access to any confidential document shall be limited to:

(a) The Court and its personnel;

(b) Outside attorneys of record and their office associates, legal assistants, and stenographic and clerical employees;

(c) The receiving party's in-house counsel in this action;

(d) Persons shown on the face of the document to have authored or received it;

(e) Court reporters retained to transcribe testimony;

(f) Outside independent persons who are used by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action;

      (g) Party representatives having oversight responsibilities for this litigation;

      (h) Any person who is deposed in this matter;

      (i) Any mediator appointed by the court or jointly selected by the parties;.

    5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Confidential," shall be treated by the parties to this action as "Confidential" for a period of 15 days from the date of their production. During that 15 day period, any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

    6. Each person who is to receive confidential information, pursuant to Paragraph 4(f), shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 11 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

    7. All portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the

3

final transcript. The parties agree that, in the event a party designates a portion of a deposition on the record as "Confidential," all parties will treat the transcript as "Confidential" until the earlier of 14 days after receipt of the final transcript or the designating party provides page and line designations. If a portion of a deposition is designated as "Confidential," that portion of such deposition shall be taken only in the presence of persons who are qualified to have access to such information. The parties agree that entire depositions shall not be designated "Confidential" and that the parties' representatives shall be entitled to attend each deposition.

8. Any party who inadvertently fails to identify documents as "Confidential" shall have 14 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing an appropriate confidentiality designation. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve such documents distributed to persons not entitled to receive documents once correctly designated.

9. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 14 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

10. If a party intends to file a document containing confidential information with the Court, this Protective Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties

may seek further protections against public disclosure from the Court.

11. Any party may request a change in the designation of any information designated "Confidential" by giving notice to counsel for the producing party that it objects to the designation. Such notice shall specifically identify the material at issue. The parties shall meet and confer within five (5) days of any objection to the confidentiality designation of a document or documents. If the requested change in designation is not agreed to during the meet-and-confer process, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)(1)(G). Any such document shall be treated as Confidential until the change is completed due to agreement of the parties or Court order.

12. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents, excluding attorney work-product. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential."

13. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by the Protective Order shall survive the termination of this action.

16. Not later than 60 days of the termination of this action, including any appeals, the parties shall file a motion seeking leave to remove any physical materials designated "Confidential" from the office of the Clerk of Court.

17.  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential information until they execute and file their written agreement to be bound by the provisions of this Order.

**IT IS SO ORDERED.**

Dated:   October 17, 2025

                                                               _____
                                                          Maria A. Lanahan
                                                          United States District Judge

**STIPULATED AND AGREED TO:**

**LEWIS RICE LLC**

By: /s/ Winthrop B. Reed, III
    Winthrop B. Reed, III, #42840
    Sarah A. Milunski, #65112
    T. Hunter Brown, #70634
    600 Washington Avenue, Suite 2500
    St. Louis, MO 63101
    314-444-7617 (Telephone)
    314-612-7617 (Facsimile)
    wreed@lewisrice.com
    smilunski@lewisrice.com
    hbrown@lewisrice.com

*Attorneys for Plaintiff Trustees of Boston College*

**ROSENBLUM GOLDENHERSH, P.C.**

By: /s/ Jeffrey B. Hunt
    Jeffrey B. Hunt, #33349MO
    7733 Forsyth, 4th Floor
    Clayton, MO 63105-1812
    (314) 726-6868
    (314) 726-6786 Facsimile
    jhunt@rgsz.com

*Attorneys for Defendant Urshan University, Inc.*

**MICKES O'TOOLE LLC**

By: /s/ Steven D. Hall
    Steven D. Hall
    Heather Igoe
    12412 Powerscourt Drive, Suite 200
    St. Louis, MO 63131
    314-878-5600
    Fax: 314-878-5607
    shall@mickesotoole.com
    higoe@mickesotoole.com

*Attorneys for Intervenor/Third-Party Plaintiff United Pentecostal Church Development Fund, Inc.*

**STONE AND LEYTON**

By: /s/ Joseph R. Dulle
    Joseph R. Dulle
    7733 Forsyth Boulevard, Suite 500
    Clayton, MO 63105
    314-721-7011
    Fax: 314-721-8660
    Jdulle@stoneleyton.com

*Attorneys for Third-Party Defendant Urshan Collegiate Support Organization*

# EXHIBIT A
## WRITTEN ASSURANCE

I, _____, declare that:

      1. My address is _____, and the address of my present employer is _____.

      2. My present occupation or job description is _____
_____.

      3. My present relationship to plaintiff(s)/defendant(s) is _____
_____.

      4. I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

      5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information received under the protection of the Protective Order.

      6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

      I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____day of _____, 20__, in the State of _____.

_____
Signature