# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-cv-01523-MAL |
| URSHAN UNIVERSITY, INC., | ) |
| Defendant. | ) |
| UNITED PENTECOSTAL CHURCH DEVELOPMENT FUND, INC. | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| TRUSTEES OF BOSTON COLLEGE, URSHAN UNIVERSITY, INC., and URSHAN COLLEGIATE SUPPORT ORGANIZATION, | ) |
| Third-Party Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

COMES NOW Third-Party Defendant Urshan Collegiate Support Organization ("UCSO"), by and through undersigned counsel, and submits this Memorandum in Opposition to Plaintiff Trustees of Boston College's ("Boston College") Motion for Leave to File a Second Amended Complaint (ECF No. 99). For the reasons set forth below, the Court should deny Boston College's Motion in its entirety.

1

**Introduction**

Plaintiff Boston College's Motion for Leave to File a Second Amended Complaint (ECF No. 99) is not a good-faith invocation of Rule 15 but instead an attempt to relitigate in this Court the same ownership and authority issues that are already pending, and moving toward trial, in a state court quiet title action. Rule 15's liberal amendment policy is not absolute. Leave may be denied where, as here, a proposed amendment is unduly delayed, prejudicial, futile, or intended to promote duplicative litigation. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Boston College seeks leave to assert a direct claim against USCO and that very issue is already being adjudicated in *Urshan Collegiate Support Organization v. Trustees of Boston College*, Case No. 25SL-CC07604 (Cir. Ct. St. Louis Cnty.) (the "Quiet Title Action"), where UCSO seeks to quiet title over thirteen historic stained-glass chapel windows affixed to the property at 700 Howdershell Road, Florissant, Missouri (the "Windows"). *See* Petition to Quiet Title, attached hereto as Exhibit A.  Boston College answered that petition on August 25, 2025, denying UCSO's ownership claims and asserting twelve affirmative defenses, including bona fide purchaser status, estoppel, waiver, statute of limitations, and the alleged authority of Urshan University to convey the Windows on behalf of USCO.  *See* Trustees of Boston College's Answer and Affirmative and Additional Defenses to Plaintiff's Petition to Quiet Title, attached hereto as Exhibit B.

Despite having already submitted these issues to the jurisdiction of the state court, Boston College now seeks to inject those same state-law property questions into this federal action under the guise of "new" claims — claims that are neither new nor necessary to issues currently before this court.  The proposed amendment duplicates the ownership dispute at the heart of the Quiet Title Action, inviting inconsistent rulings, piecemeal litigation, and unnecessary expenditure of judicial resources.

Moreover, every cause of action Boston College seeks to assert, including its contract and tort theories, is inextricably dependent on the very property question before the state court and must be filed as counterclaims in the state court action. *See* Missouri Rule of Civil Procedure 55.32 which defines a compulsory counterclaim as any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for adjudication the presence of third parties of whom the court cannot acquire jurisdiction.". Whether Boston College can prevail on claims for breach of contract, misrepresentation, or agency turns on threshold determinations about who owns the Windows and whether Urshan University had any authority to transfer them. All of those predicate issues will be fully and finally resolved in the Quiet Title Action, leaving nothing for this Court to decide.

Because the parties are already litigating these dispositive issues in a pending state action that will resolve every claim Boston College seeks to assert against USCO here, duplicating that litigation in federal court would serve no purpose other than to waste judicial resources and risk inconsistent results. Thus, this Court should exercise its discretion and reject Boston Colleges request for leave to amend.

### **Legal Standard**

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." However, leave should be denied where the amendment would be futile, unduly prejudicial, dilatory, or in bad faith. *Foman,* 371 U.S. at 182. Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. *See Id*.; *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)

3

**Argument**

I.       **The *Colorado River* Doctrine Bars Duplicative Federal Litigation**

The fundamental principles of federalism, comity, and judicial restraint compel this Court to decline jurisdiction over Boston College's proposed claims against USCO.  The Quiet Title Action, filed first and already moving toward an April 6, 2026 trial (*See* September 9, 2025 Order from Circuit Court, attached hereto as Exhibit C), provides the proper vehicle for resolving these purely state-law disputes.  Proceeding here would contravene *Colorado River*, as explained below.

Abstention is a determination that a federal court should decline to exercise its jurisdiction.  When invoked, it serves to preserve the "traditional principles of equity, comity, and federalism" that underlie the proper balance between federal and state judicial systems. *Beavers v. Ark. State Bd. of Dental Exam'rs*, 151 F.3d 838, 840 (8th Cir. 1998)(quoting *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1142 (8th Cir. 1990)).

As to the circumstances in which abstention is appropriate, the Supreme Court's decision in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), and its progeny provide the guiding framework.  As a threshold matter, *Colorado River* analysis is applicable "when federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004).  The issues and parties do not have to be identical to be substantially similar; if the standard required identical issues and parties, a party could easily circumvent abstention with creative pleading. *Id.* at 1329-30.  "The principles of this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Moorer v. Demopolis Waterworks & Sewer Bd.*,

374 F.3d 994, 997 (11th Cir. 2004)(quoting Colorado River, 424 U.S. at 817) (cleaned up). Moreover, "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Id*. (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)).

Once a court has determined that the proceedings involve substantially similar issues and parties, the court must weigh six factors to decide whether to abstain.  The factors to be considered by the district court are:

> (1) the problems that occur when a state and federal court assume jurisdiction over the same *res*;
> (2) the relative inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which the courts obtained jurisdiction;
> (5) whether state or federal law controls; and
> (6) the adequacy of the state forum to protect the parties' rights.

*Insurance Company of Pennsylvania v. Syntex Corp.,* 964 F.2d 829, 834 (8th Cir. 1992)(citing *Colorado River*, 424 U.S. at 800); *Moses H. Cone,* 460 U.S. at 1. These factors and considerations are not a "mechanical checklist," and "the abstention inquiry must be 'heavily weighted in favor of the exercise of jurisdiction.'" *Id.* No single factor is determinative, and the weight given to individual factors may vary from case to case. *Id.*  "One factor alone can be the sole motivating reason for the abstention." *Moorer,* 374 F.3d at 997.

  **A.**  **Substantially Similar Proceedings**

The threshold requirement for Colorado River abstention, as set forth above, is that the state and federal actions involve substantially the same parties and issues, even if they are not perfectly parallel.  The proper inquiry is whether the state proceeding will resolve the primary disputes at stake.  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988)(citing *Moses H. Cone*, 460 U.S. at 28)(abstention is appropriate when the state forum will

5

be "an adequate vehicle for the complete and prompt resolution of the issues between the parties").

Here, the Quite Title Action and the proposed claims of Boston College involve the exact same parties and the exact same claims. The Quiet Title Action now pending in the Circuit Court of St. Louis County will decide every dispositive question Boston College seeks to pursue through its proposed Second Amended Complaint. The state court will determine ownership of the Windows, as between USCO and Boston College, their fixture status as part of the real property under Missouri law, and the authority of Urshan University to transfer or encumber them. The inclusion of contract or tort claims in Boston College's proposed amendment does not defeat substantial similarity. Courts have consistently held that "exact parallelism is not required" for *Colorado River* abstention; it is enough that the actions involve "substantially the same parties litigating substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1329–30. Here, the viability of every claim Boston College asserts — regardless of its label — turns on predicate determinations already before the state court, including ownership of the Windows and the authority to transfer them. Because resolution of those issues will control the outcome of Boston College's contract and tort theories, the proceedings are substantially similar for purposes of *Colorado River*.

Additionally, the proposed amendment does not introduce any new controversy. Instead, it merely repackages the same underlying disputes under different legal theories, a tactic that federal courts have held supports abstention. *See Ambrosia Coal*, 368 F.3d at 1329–30 (rejecting attempts to avoid abstention by adding ancillary issues to a federal complaint); *Beavers,* 151 F.3d at 840 (holding abstention proper where the state proceeding addressed the same underlying controversy).

6

Because the Quiet Title Action involves the same parties litigating the same underlying questions that Boston College now seeks to pursue here, the proceedings are substantially similar for purposes of *Colorado River*. The state court's resolution of those questions will necessarily dispose of or render moot the central issues presented in the proposed Second Amended Complaint against USCO. As such, the Court should deny the Boston College's Motion because as explained below all but one of the Colorado River abstention factors support absention of jurisdiction by this court.

**B.    Colorado River Abstention Factors**

Having established that the state and federal proceedings involve substantially similar parties and issues, the Court must next consider the six *Colorado River* factors to determine whether abstention is warranted.

**(1).    Jurisdiction Over the Property Strongly Favors Abstention**

The first factor weighs heavily in favor of abstention because the state court has already assumed jurisdiction over the property at the heart of this dispute — the Windows and the real estate into which they are integrated. Missouri law requires that any action "affecting title to real estate" be brought in the county where the property is situated, and this mandate is jurisdictional and cannot be waived. *March v. Gerstenschlager*, 322 S.W.2d 743, 745 (Mo. 1959). A quiet title action is a statutory, in rem proceeding designed to "determine the respective estates, titles, and interests" of all parties asserting claims to the property. *Simms v. Nationstar Mortg., LLC*, 44 F. Supp. 3d 927, 933 (E.D. Mo. 2014). Once a court has exercised in rem or quasi-in-rem jurisdiction over property, that court retains exclusive authority to adjudicate the rights of all

7

parties with respect to that property. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 465–68 (1939); *Peck v. Jenness*, 48 U.S. (7 How.) 612 (1849).[1]

This principle squarely applies here. UCSO's Quiet Title Action, brought under § 527.150, RSMo, seeks a judicial determination that UCSO holds superior title to the property — a question that necessarily requires the state court to exercise jurisdiction over the *res* and decide ownership, fixture status, and competing interests under Missouri law.  By contrast, Boston College's proposed federal claim against USCO is framed in contract and tort, seeking damages for alleged breaches and misrepresentations rather than an explicit declaration of title.  But those claims rise and fall on the very property determinations already before the state court.  Allowing amendment here would convert this case into a parallel *in rem* proceeding and force this Court to decide issues already committed to the state court's jurisdiction.  That is exactly the type of duplicative litigation the *Colorado River* doctrine is designed to prevent.

### (2). Relative Inconvenience of the Federal Forum Does Not Weigh Against Abstention

The second *Colorado River* factor considers whether the federal forum is so inconvenient that it weighs in favor of abstention. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1195 (5th Cir. 1988).  This inquiry does not turn on a simple comparison of which forum might be slightly more convenient, rather, the question is whether the federal forum imposes a level of inconvenience significant enough to justify declining jurisdiction. *Globe Indem. Co. v. Wrenn Ins. Agency*, 816 F. Supp. 1379, 1384 (M.D. Ala. 1993).

---

[1] While a federal court may properly exercise exclusive jurisdiction in cases involving property owned by the United States or where the property itself is the direct subject of the federal action, this case is fundamentally different. Here, Boston College has framed its federal claims as contract and tort theories rather than as an action seeking to adjudicate property rights. Yet the state court has already assumed jurisdiction over the *res* through the first-filed quiet title action, and it is that court — not this one — that is best positioned to resolve the underlying ownership, fixture status, and competing property interests at issue. The fact that Boston College attempts to recast those questions as ancillary to contract or misrepresentation claims does not change their essential nature or their centrality to the state proceeding.

8

Here, there is no meaningful difference in convenience between the two forums. Both the United States District Court for the Eastern District of Missouri and the Circuit Court of St. Louis County sit within the same geographic region, less than a few miles from one another. The witnesses, documents, and property itself are located in Missouri, and both courts are equally accessible to the parties and counsel. Because litigating in state court imposes no additional burden and offers no logistical disadvantage compared to federal court, this factor is neutral at best. At the same time, the absence of any practical benefit from maintaining parallel proceedings in federal court underscores the lack of justification for duplicating litigation that is already moving forward[2] in a convenient and competent state forum.

### (3).    The Risk of Piecemeal Litigation Strongly Supports Abstention

The third *Colorado River* factor, the potential for piecemeal litigation, strongly supports abstention. Courts have recognized that the avoidance of piecemeal litigation is often the most significant consideration in the abstention analysis. *Universal Marine Ins. Co. v. Beacon Ins. Co.*, 592 F. Supp. 948, 954 (W.D.N.C. 1984). Piecemeal litigation occurs when different courts are asked to resolve overlapping issues between the same parties, raising the risk of inconsistent rulings, duplicative discovery, increased costs, and inefficient use of judicial resources.

That risk is not hypothetical here. Indeed, it is guaranteed if Boston College's amendment is permitted. The Quiet Title Action will decide every dispositive issue at the heart of Boston College's proposed amendment, including Boston College's own affirmative defenses of agency, authority, and bona fide purchaser status, all of which are before the state court. *See* Exhibit B. Those determinations are not mere background context; they are the necessary foundation on which Boston College's proposed contract, agency, and misrepresentation claims depend. If this

---

[2] The Quiet Title Action is set for a bench trial on April 6, 2026 at 9:00 a.m.

9

Court were to entertain those claims simultaneously, it would be forced to decide questions that the state court is already poised to resolve, creating a real danger of conflicting judgments.

Moreover, allowing amendment would splinter a single property controversy into two parallel proceedings, one in state court adjudicating title and fixture status, and another in federal court deciding related contract and tort theories that depend on those very same determinations. That outcome would multiply discovery, require duplicative witness testimony, and risk inconsistent findings on issues central to both actions. By contrast, allowing the quiet title action to proceed to judgment will comprehensively resolve the parties' rights and obligations in a single forum.

Because the state case will decide every core question presented in the proposed amendment, abstention here is the proper way to avoid piecemeal litigation and ensure consistent, efficient resolution of the controversy.

**(4).     The Order and Progress of the Proceedings Strongly Favor Abstention**

The fourth *Colorado River* factor considers not only which court obtained jurisdiction first, but also the relative progress of the two proceedings and whether either action was filed in a vexatious or reactive manner. *Moses H. Cone,* 460 U.S. at 16. While the chronology of filings is relevant, the Supreme Court has made clear that it is "not measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.*; *see also Globe Indem.*, 816 F. Supp. at 1384.

Although Boston College filed this federal action first it is actually the second filed action. When Boston College commenced this lawsuit USCO was not a party. Months later, USCO was added as third-party defendant to a claim filed not by Boston College but by third-party plaintiff, United Pentecostal Church Development Fund, Inc.  See Doc.#: 62, filed 05/05/25

10

First Amended Third-Party Complaint.  However, prior to filing a responsive pleading in this matter USCO commenced the Quite Title Action.  See Doc.#: 76, filed 07/15/25 USCO's Answer to First Amended Third-Party Complaint and Exhibit A, Petition to Quite Title, filed 07/09/25.

Boston College's attempt to add USCO as direct defendant is this case is reactive to the Quite Title Action as it was made over three (3) months after the Quite Title Action was filed. Courts treat such reactive maneuvering as a reason to abstain. *See Moses H. Cone*, 460 U.S. at 16 (considering "reactive nature" of litigation relevant to abstention); *Ambrosia Coal*, 368 F.3d at 1333 (same).

As such, the Quiet Title Action is the first filed action asserting claims between Boston College and USCO and it resolve the parties' rights significantly sooner.  The first filed status of USCO Quite Title Action, together with the reactive timing of Boston College's proposed amendment, heavily weighs in favor of abstention.

### (5).  The Predominance of State Law Strongly Favors Abstention

The fifth *Colorado River* factor, whether state or federal law governs, weighs in favor of abstention.  This consideration is particularly important when federal jurisdiction is based solely on diversity and claims arise entirely under state law.  When a federal court is confronted with substantial federal questions or issues falling within its exclusive jurisdiction, this factor cuts against abstention. *See, Kruse v. Snowshoe Co.*, 715 F.2d 120, 124 (4th Cir. 1983).  But the converse is also true: when the litigation turns exclusively on questions of <u>state law</u>, especially those implicating real property rights and local interests, this factor supports deference to the state forum. *Delvaux v. Ford Motor Co.*, 518 F. Supp. 1249, 1252 (E.D. Wis. 1981).

Again, that is precisely the situation here.  This Court's jurisdiction is grounded solely in diversity under 28 U.S.C. § 1332, and every claim asserted arises under Missouri law.

Furthermore, questions concerning real property and fixture status have traditionally been reserved to state courts, which are uniquely familiar with the governing doctrines and public policies underlying them.  By contrast, this Court would be required to apply Missouri law without any corresponding federal interest or constitutional dimension. *See Delvaux,* 518 F. Supp. at 1252 (abstention favored where federal case posed routine state-law questions with no significant federal interest).

Because no federal law is implicated, state law will control every aspect of this litigation, and the state court is the most appropriate and competent forum to resolve it.  Accordingly, this factor weighs strongly in favor of abstention.

### (6.)   The State Forum Is Fully Adequate to Protect the Parties' Rights

The final *Colorado River* factor asks whether the state proceeding provides an adequate forum to fully and fairly adjudicate the parties' rights. *Moses H. Cone,* 460 U.S. at 26. A federal court should not dismiss or stay a case under *Colorado River* if there is "substantial doubt" that the state proceeding will resolve the dispute. *Id.*  But where no such doubt exists — and where the state forum is capable of providing complete and prompt relief — this factor weighs heavily in favor of abstention.

There is no substantial doubt that the pending Quiet Title Action will resolve all of the issues between the parties to the claims that Boston College seeks leave to file against USCO in this case. The Quite Title Action will result in a judicial determination of ownership and the authority to transfer or encumber the Windows, the very issue at the heart of Boston College's proposed amendment.  Boston College has already appeared in the Quite Title Action, answered the petition, and asserted twelve affirmative defenses directly addressing those issues. All of

those matters will be fully adjudicated by the Circuit Court of St. Louis County, which is well-equipped to apply Missouri law.

The state court will also provide a complete remedy. Its judgment will determine the parties' respective rights to the property and any ancillary claims dependent on those determinations. Once the state court enters judgment, there will be nothing left for a federal court to decide. Indeed, Boston College's proposed contract and tort claims cannot proceed — let alone succeed — without resolution of the property questions already before the state court. Because the state court will necessarily address those foundational issues, and because its resolution will either moot or control the outcome of any remaining claims, it is the most appropriate and adequate forum to resolve the entire dispute.

By attempting to litigate the same issues in two forums, Boston College would only invite duplication and the risk of inconsistent results, without any added protection of its rights. The Missouri courts are fully capable of protecting those rights, and their judgment will be binding and enforceable. Because there is no "substantial doubt" that the state proceeding will provide a complete and final resolution of the controversy, this factor strongly supports abstention.

Because every relevant factor, but one, weighs decisively in UCSO's favor, this Court should exercise its discretion to deny Boston College's Motion for Leave to Amend to assert a claim against UCSO.

### II. Leave to Amend Should Be Denied Because the Proposed Amendment Is Futile and Would Remain Subject to Abstention

A district court may deny a motion for leave to amend where the proposed amendment would be futile — that is, where the amended complaint "would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir.

13

2020); *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1288–89 (11th Cir. 2024).  A federal court should dismiss a pleading which merely attempts to assert claims between identical parties that are the subject of a pending state court action.  *See Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1289 (11th Cir. 2024)(affirming denial of leave to amend as futile where the proposed complaint repackaged the same fraud-based claims between the same parties arising from the same facts, which remained rooted to the state foreclosure action and thus still subject to *Colorado River* abstention).

      Here, the proposed Second Amended Complaint neither introduces new disputes nor identifies new parties, nor does it invoke any independent basis for federal jurisdiction.  Instead, it simply repackages the same state-law affirmative defenses that Boston College asserted in the Quite Title Action.  Even with amendment, this case would remain subject to *Colorado River* abstention because it involves substantially the same parties and issues as the state action and would result in duplicative, piecemeal litigation. *Colorado River*, 424 U.S. at 817–19.  The amended pleading continues to depend on property issues properly before the state court, and the relief sought turns entirely on those determinations.

      Boston College's timing further confirms the futility of amendment.  Despite knowing of UCSO's ownership claims months earlier (in that USCO's Quite Title Action was filed on July 9, 2025), Boston College waited until after answering that petition, and after the state court set trial for April 6, 2026, to seek amendment.  Accordingly, because the proposed amendment merely reasserts claims between the same parties over the same issues already being litigated in state court, it serves no purpose other than to duplicate those proceedings and should therefore be denied.

## Conclusion

Because Boston College's proposed Second Amended Complaint merely reasserts claims already before a Missouri state court with jurisdiction over the property, the Motion for Leave should be denied.

                STONE, LEYTON & GERSHMAN
                A Professional Corporation

By:   /s/*Joseph R. Dulle*
       Joseph R. Dulle, #38416
       7733 Forsyth Boulevard, Suite 500
       St. Louis, Missouri 63105
       Telephone: (314) 721-7011
       Facsimile: (314) 721-8660
       jdulle@stoneleyton.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of October, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

                /s/*Joseph R. Dulle*