IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| URSHAN COLLEGIATE SUPPORT ORGANIZATION, | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) ) Case No. 25 SL-CC07604 |
| TRUSTEES OF BOSTON COLLEGE, | ) ) Division 6 |
| And | ) ) ) |
| URSHAN UNIVERSITY, INC., | ) ) |
| Defendants. | ) ) |

**TRUSTEES OF BOSTON COLLEGE'S ANSWER
AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO
PLAINTIFF'S PETITION TO QUIET TITLE**

COMES NOW Defendant Trustees of Boston College, misnamed Trustee of Boston College ("BC"), by and through undersigned counsel, and for its Answer and Affirmative and Additional Defenses to Plaintiff Urshan Collegiate Support Organization's ("UCSO") Petition to Quiet Title ("Petition"), states as follows:

1.  BC lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Petition and, therefore, denies the same.

2.  BC admits the allegations contained in Paragraph 2 of the Petition.

3.  BC lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Petition and, therefore, denies the same.

4.  BC lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Petition and, therefore, denies the same.

5. BC lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Petition and, therefore, denies the same.

6. The allegations contained in Paragraph 6 of the Petition consist of legal conclusions and, therefore, no answer is required. To the extent an answer is required, BC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Petition and, therefore, denies the same.

7. BC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Petition and, therefore, denies the same.

8. BC admits only that it entered into an agreement with Defendant Urshan University, Inc. ("Urshan"), whereby Urshan was and remains legally obligated to provide thirteen stained glass windows from the Property to BC in exchange for adequate consideration, that Urshan is in breach of its contractual obligations to BC, and that BC is entitled to receipt of the windows. Except as specifically admitted, BC denies the remaining allegations contained in Paragraph 8 of the Petition.

9. BC admits the allegations contained in Paragraph 9 of the Petition.

10. The allegations contained in Paragraph 10 of the Petition call for legal conclusions and, therefore, no answer is required. To the extent an answer is required, BC denies the allegations contained in Paragraph 10 of the Petition.

WHEREFORE, Defendant Trustees of Boston College respectfully prays that judgment be entered in its favor, that Plaintiff's Petition be dismissed in its entirety, with prejudice, and for such other and further relief as this Court deems just and proper under the circumstances.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without conceding that it bears the burden of proof as to any of these defenses, BC alleges the following affirmative and additional defenses to the claims set forth in Plaintiff's Petition.

1. UCSO's claim for quiet title fails to state a claim upon which relief can be granted because, among other reasons, it merely states legal conclusions without factual support.

2. UCSO's claims against BC are barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

3. Due to UCSO's own wrongful or inequitable conduct, UCSO's claims are barred, in whole or in part, by the doctrine of unclean hands or *in pari delicto*.

4. UCSO's alleged claims against BC fail, in whole or in part, because any title issues or loss of property rights that UCSO faces with regards to the Property were caused by UCSO's own conduct and/or that of its authorized agents.

5. UCSO's alleged claims against BC fail, in whole or in part, because UCSO is subject to the direction and control of, and created for the benefit of, Urshan University, Inc. As such, Urshan University, Inc., which entered into the agreement to sell the windows to BC, had the authority to dispose of UCSO's property.

6. UCSO's claims are barred by the applicable statute(s) of limitations for actions to quiet title.

7. UCSO's claims against BC fail, in whole or in part, because the quiet title action is misdirected at BC, having had no contact or contractual dealings with UCSO

previously, and instead must be against Urshan, and therefore any recourse may only be had from Urshan.

8. UCSO's claims against BC fail because any interest that UCSO alleges are impaired or at risk of being impaired are only in such a state as a result of the actions or inactions of others, over which BC has no responsibility or control.

9. BC holds a legal or equitable claim of right to the Windows which takes priority of any purported property interest asserted by UCSO.

10. BC is a bona find purchaser for value of the Windows pursuant to Missouri law.

11. UCSO's claims are barred pursuant to Fed. R. Civ. P. 13(a) and Missouri Supreme Court Rule 55.32, in that they comprise compulsory counterclaims in related litigation, which, because they were not raised in that related litigation, are now barred from being raised in any subsequent, independent litigation such as this.

12. BC reserves the right to assert any additional defenses that become known during discovery.

WHEREFORE, Defendant Trustees of Boston College prays that this Court dismiss UCSO's Petition in its entirety, with prejudice, award Defendant its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: August 25, 2025    Respectfully submitted,

**LEWIS RICE LLC**

By: */ s / Sarah A. Milunski*
Winthrop B. Reed, III, #42840
Sarah A. Milunski, #65112
T. Hunter Brown, #70634
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
314-444-7617 (Telephone)
314-612-7617 (Facsimile)
wreed@lewisrice.com
smilunski@lewisrice.com
hbrown@lewisrice.com

*Attorneys for Defendant Trustees of Boston College*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of August, 2025, a true and correct copy of the foregoing was served via the Court's electronic filing system on all counsel of record. In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that she has signed the original of this Certificate and the foregoing pleading.

*/s/ Sarah A. Milunski*

Electronically Filed - ST LOUIS COUNTY - August 25, 2025 - 09:29 AM