# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| Plaintiff/Third-Party Defendant, | ) |
| v. | ) Case No. 4:24-cv-1523-MAL |
| URSHAN UNIVERSITY, INC., | ) |
| Defendant/Third-Party Defendant, | ) |
| | |
| UNITED PENTECOSTAL CHURCH DEVELOPMENT FUND, INC., | ) |
| Intervenor Plaintiff/Third-Party Plaintiff, | ) |
| v. | ) |
| TRUSTEES OF BOSTON COLLEGE, URSHAN UNIVERSITY, INC., and URSHAN COLLEGIATE SUPPORT ORGANIZATION, | ) |
| Third-Party Defendants. | ) |

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to Fed. R. Civ. P. 16 & 26(f), and this Court's Order, ECF No. 109, the parties jointly submit the following Joint Proposed Scheduling Plan:

(a)   The Parties agree that Track 2 is appropriate in this case.

(b)   The Parties agree the deadline for seeking leave to join additional parties or amend pleadings shall be **February 1, 2026**.

(c)   The Parties propose the following discovery plan:

(i)     The Parties do not believe this case will require extensive or significant discovery of electronically stored information. If those circumstances change, the Parties will confer and agree upon an appropriate ESI production protocol. At this time, the Parties propose that documents be produced initially in PDF or hard copy format. However, if questions arise as to the genuineness, authenticity, completeness, modification or disposal of any particular document(s) or category thereof, then the receiving party may request and receive copies of these particular documents or category in native ESI format with intact metadata.

(ii)     In order to facilitate discovery in this matter, the Parties agree that any assertion by either Party of a claim of privilege as the reason for withholding documents shall be accompanied by a privilege log detailing the reason for such claim of privilege. Any privilege log shall contain enough detail so that the receiving Party will be able to ascertain the general subject of the privileged document or communication and the basis for the asserted privilege. Notwithstanding anything to the contrary, the receiving party shall have the right to challenge the assertion of privilege with respect to any such documents. The Parties agree, however, that it is not necessary that each Party be required to include communication directly between a Party and its own counsel on any date following the commencement of this litigation in said privilege log.

Further, the Parties believe a protective order is necessary to protect confidential information. The Parties have submitted a joint proposed protective order to the Court.

(iii)  The Parties have already exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

(iv)  At this time, the Parties do not believe it helpful for discovery to be conducted in phases or limited to certain issues.

(v)  The Parties agree to the following expert deadlines:

>   (1)  Plaintiff previously disclosed its expert witness. Plaintiff shall make its expert witness available for deposition by **February 1, 2026**.
>
>   (2)  Defendants shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **February 9, 2026**, and shall make expert witnesses available for depositions by **March 13, 2026**.

(vi)  The Parties agree at this time that the presumptive limits of ten (10) depositions per side (Plaintiff on one side and the Defendant, Third-Party Defendant, and Intervenor on the other) as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply to this case.

(vii)  The Parties do not believe that physical or mental examinations will be requested pursuant to Fed. R. Civ. P. 35.

(viii)  The Parties shall complete all discovery by **April 15, 2026**. Discovery requests must be served sufficiently prior to this date to allow the full response time before the completion date.

(ix)  The Parties have not identified any other matters pertinent to the completion of discovery in this case.

(d) Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions under Daubert must be filed by **May 20, 2026.** The time limits of Local Rules 4.01(B) and (C) apply to Rule 12 and Daubert motions. For summary judgment motions, opposition briefs shall be filed by **June 19, 2026**, or within 30 days of the filing of the motion, whichever is earlier; and any reply brief may be filed by **July 3, 2026**, or within 14 days of the filing of the opposition, whichever is earlier.

(e) The Parties agree the case will be ready for trial by **July 27, 2026**.

(f) The Parties estimate that it will take approximately two days to try the case to a verdict.

(g) Any memorandum in response to the United Pentecostal Church Development Fund, Inc.'s Motion for Partial Summary Judgment [ECF No. 93] must be filed by **December 23, 2025**.

(h) Any reply in support of Plaintiff's Motion for Leave to File Second Amended Complaint [ECF No. 99] must be filed by **January 9, 2026**.

(i) The Parties do not believe any other matters are appropriate for inclusion in this Joint Proposed Scheduling Plan at this time.

(j) Beyond the foregoing paragraphs, the Parties have not identified any other matters deemed appropriate for inclusion in this Joint Proposed Scheduling Plan at this time.

Dated:  December 16, 2025  Respectfully submitted,

**LEWIS RICE LLC**

By:  */s/ Winthrop B. Reed, III*
Winthrop B. Reed, III, #42840
Sarah A. Milunski, #65112
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
314-444-7617 (Telephone)
314-612-7617 (Facsimile)
wreed@lewisrice.com
smilunski@lewisrice.com

*Attorneys for Plaintiff Trustees of Boston College*

**ROSENBLUM GOLDENHERSH, P.C.**

By:  /s/ Jeffrey B. Hunt
Jeffrey B. Hunt, #33349MO
7733 Forsyth, 4th Floor
Clayton, MO   63105-1812
(314) 726-6868
(314) 726-6786 Facsimile
jhunt@rgsz.com

*Attorneys for Defendant Urshan University, Inc.*

**MICKES O'TOOLE LLC**

By: /s/ Steven D. Hall
Steven D. Hall
Heather Igoe
12412 Powerscourt Drive, Suite 200
St. Louis, MO 63131
314-878-5600
Fax: 314-878-5607
shall@mickesotoole.com
higoe@mickesotoole.com

*Attorneys for Intervenor/Third-Party Plaintiff United Pentecostal Church Development Fund, Inc.*

5

       **STONE AND LEYTON**

By: /s/ Joseph R. Dulle
    Joseph R. Dulle
    7733 Forsyth Boulevard, Suite 500
    Clayton, MO 63105
    314-721-7011
    Fax: 314-721-8660
    jdulle@stoneleyton.com

*Attorneys for Third-Party Defendant Urshan Collegiate Support Organization*