IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF BOSTON COLLEGE, | ) |
| | ) |
| Plaintiff, Third Party Defendant, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-1523-MAL |
| | ) |
| URSHAN UNIVERSITY, INC. and | ) |
| URSHAN COLLEGIATE SUPPORT | ) |
| ORGANIZATION | ) |
| | ) |
| Defendants, Third Party Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED PENTECOSTAL CHURCH | ) |
| DEVELOPMENT FUND, INC. | ) |
| | ) |
| Intervenor Plaintiff, Third Party Plaintiff. | ) |

**PLAINTIFF TRUSTEES OF BOSTON COLLEGE'S
MOTION FOR SEALING**

Pursuant to Eastern District of Missouri Local Rule 13.05, Plaintiff Trustees of Boston College ("Boston College") moves this Court for an Order permitting Exhibits 2, 4, 5, 6, 7, 8, 9, and 10 to its Reply in Support of its Motion for Rule 56(d) relief to be filed under seal.[1] In support, Boston College states as follows:

1. Urshan University, Inc. ("Urshan") and United Pentecostal Church Development Fund, Inc. (the "Fund") have produced certain documents as "Confidential" pursuant to the Protective Order in this case, including:

---

[1] Boston College respectfully states that it is willing to file the Proposed Sealed Documents openly but is filing this Motion in accordance with the Protective Order entered by this Court, ECF 102, and Defendant Urshan and the Fund's confidentiality designations.

  (i)  The Fund's meeting minutes. Exs. 2 and 6;

  (ii)  correspondence between personnel for Urshan, UCSO, and the Fund relating to sale of the Windows. Ex. 4;

  (iii)  correspondence between David Bernard and Rick Lovall concerning the sale of the Windows. Exs. 5, 9, and 10; and

  (iv)  correspondence between Urshan and the Fund regarding financial matters. Exs. 7 and 8

By designating these materials as confidential, Urshan and the Fund assert that public disclosure of this information may harm their interests.

  2.  Under the Protective Order, if a document is designated "Confidential," disclosure of such information shall be limited to only certain parties. ECF 102 at ¶ 4. The Protective Order also provides that if either party files a document containing confidential information, the filing party shall be granted leave to make the filing under seal. *Id.* ¶ 10.

  3.  According to Local Rule 13.05(A)(3), "[t]he fact that certain information or material has been protected as confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether this information or material will be sealed when filed with the Court."

  4.  Boston College requests that the material remain sealed until 90 days following final disposition of the litigation, unless a Motion to Continue Sealing is filed pursuant to Local Rule 13.05(A)(4)(a).

  5.  In accordance with Local Rule 13.05(A)(4)(a), within three days of this filing, Boston College will separately file redacted versions of the Proposed Sealed Documents.

6.	Counsel for Urshan has consented to Boston College's request set forth herein. Counsel for the Fund did not respond to counsel's request for consent.

WHEREFORE, Plaintiff Trustees of Boston College respectfully requests that this Court grant its Motion for Sealing with respect to the Proposed Sealed Documents, and for such other and further relief as this Court deems just and proper.

Dated: February 12, 2026	Respectfully submitted,

HUSCH BLACKWELL LLP

By:  /s/ *Glennon P. Fogarty*
    Glennon P. Fogarty #42983MO
    Tanner M. Cook #71846MO
    8001 Forsyth Boulevard, Suite 1500
    St. Louis, Missouri  63105
    (314) 480-1500
    (314) 480-1505 (fax)
    Glennon.Fogarty@huschblackwell.com
    Tanner.Cook@huschblackwell.com

*Attorney for Plaintiff Trustees of Boston College*